**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| Rodney Walker, | : | |
| | : | Civil Action No. 14-1182(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SCO. ROMAN, et al., | : | |
| | : | |
| Defendants. | : | |

**BUMB**, District Judge:

On February 27, 2014, the Court administratively terminated this case after dismissing the claims against Defendants Roman and Zenyuk without prejudice, and dismissing the claims as to remaining Defendants with prejudice. (Order, ECF No. 3.) Plaintiff was permitted to reopen the case by filing an amended complaint, attempting to cure the deficiencies in his original pleading. (Id.) On April 2, 2014, the Clerk received Plaintiff's amended complaint. (ECF No. 4.)

At this time, the Court must review the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be dismissed as frivolous or malicious, for failure to

1

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.

In this Court's Opinion on February 27, 2014, the Court explained that Plaintiff's application for injunctive relief to prohibit Defendants from retaliating against him for bringing this action was facially unripe and would be dismissed. (ECF Nos. 2 at 4-5 (citing Dawson v. Frias, 2010 U.S. Dist. LEXIS 30513 at *8 (D.N.J. Mar. 30, 2010)("speculation as to what might or might not happen in the future" cannot serve as a basis for a valid claim)(citing Rouse v. Pauliilo, 2006 U.S. Dist. LEXIS 17225 (D.N.J. Apr. 5, 2006)(dismissing speculative claim as to hypothetical future retaliation and citing Kirby v. Siegelman, 195 F.3d 1285 (11th Cir. 1999)); Pilkey v. Lappin, 2006 U.S. Dist. LEXIS 44418, at *45 (D.N.J. June 26, 2006)("Plaintiff's [anxieties] fail to state a claim upon which relief may be granted'); Patterson v. Lilley, 2003 U.S. Dist. LEXIS 11097 (S.D.N.Y. June 20, 2003)(defendants could only be found liable for violations ensuing from an existing condition, not a speculative future injury.) Plaintiff's amended complaint has not cured this deficiency; therefore, the Court will dismiss Plaintiff's application, in his amended complaint, for injunctive relief based on hypothetical future retaliation.

Given that Plaintiff's claims for injunctive relief will be dismissed as unripe, Plaintiff's only remaining claims against

2

Defendants in their official capacities are claims for monetary damages. Such claims are barred by the Eleventh Amendment, and will be dismissed. See Garden State Elec. Inspection Servs. v. Levin, 144 F. App'x 247, 251 (3d Cir. 2005)(suits brought against state officials acting in their official capacities are to be treated as suits against the employing government agency); see also Walker v. Beard, 244 F. App'x 439, 440 (3d Cir. 2007)(the Eleventh Amendment bars all suits against a state and its agencies in federal court that seek monetary damages).

    Remaining in the amended complaint are Plaintiff's claims for monetary damages against Defendants Roman and Zenyuk in their individual capacities. Having screened the amended complaint pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B), these claims will be allowed to proceed, and Defendants will be ordered to answer.

    An appropriate Order follows.


                                     s/Renée Marie Bumb
                                     **RENÉE MARIE BUMB**
                                     **UNITED STATES DISTRICT JUDGE**