**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RODNEY WALKER, : | |
| : | Civil Action No. 14-1182(RMB) |
| Plaintiff, : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| SCO. ANDREW ROMAN, et al., : | |
| Defendants. : | |

This matter comes before the Court upon the motion for summary judgment of Defendants SCO Andrew Roman ("Roman") and SCO Natalie Zenyuk ("Zenyuk"). (Mot. for S.J., ECF No. 23.) Plaintiff Rodney Walker filed this action February 24, 2014, and he filed an Amended Complaint on April 2, 2014. (Compl., ECF. No. 1; Am. Compl., ECF No. 4.) Upon screening the Amended Complaint pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B), this Court allowed Plaintiff's claims for monetary damages against Roman and Zenyuk in their individual capacities to proceed, and dismissed the remaining claims. (Opinion and Order, ECF Nos. 5, 6.) Discovery was conducted.

Defendants brought the present motion for summary judgment on April 8, 2016. (Mot. for Summ. J., ECF No. 23; Brief in Supp.

1

of Mot. for Summ. J. ("Defs' Brief"), ECF No. 24-1.) Defendants contend Plaintiff failed to exhaust his administrative remedies, as required under 42 U.S.C. § 1997(e)(a).[1] Plaintiff did not file an opposition to the summary judgment motion.

Summary Judgment is proper where the moving party "shows there is no genuine dispute as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999). The moving party has the burden to show there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A party asserting that a fact is or is not genuinely disputed must support the assertion by citing materials in the record, including depositions, documents, affidavits or declarations or other materials. Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be based on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Defendants inadvertently failed to submit an affidavit of someone with personal with knowledge stating that Plaintiff

---

[1] 42 U.S.C. § 1997(e)(a) provides, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

2

failed to exhaust the administrative remedy procedure at Bayside State Prison, and whether any remedy procedure remains available to him. See Veasey v. Fisher, 307 F. App'x 614, 616 (3d Cir. 2009)(citing Spruill v. Gillis, 372 F.3d 218, 230-31 (3d Cir. 2004)("The exhaustion requirement includes a procedural-default component, and a prisoner must comply with the prison grievance procedures to properly exhaust his claims.") Because it appears that Defendants may be entitled to summary judgment on this basis, the Court will give Defendants an opportunity to cure this defect.

IT IS therefore on this **4th** day of **August 2016,**

**ORDERED** that Defendants shall have ten days from the date of this Order to submit an affidavit in support of their motion for summary judgment for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a); and it is further

**ORDERED** that Plaintiff shall have ten days from the date of this Order to submit evidence disputing the fact that he failed to exhaust administrative remedies at Bayside State Prison, and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular U.S. mail.

s/RENÉE MARIE BUMB_____
**Renée Marie Bumb**
**United States District Judge**